FRED W. JONES, Jr., Judge.
A husband, a member of the U.S. Air Force, sued his wife for a divorce on the ground of living separate and apart for more than a year. The action was brought in Richland Parish, his domicile, though he was. stationed elsewhere. The defendant wife answered and reconvened, asking for recognition and enforcement of a marital contract in which the husband had agreed to support his wife’s two children, and for arrearages in the child support payments.
The trial judge granted the husband’s suit for a divorce and, in a separate judgment, rejected the wife’s reconventional demand. She has appealed the latter judg *926 ment. For the reasons hereinafter explained, we affirm the district court judgment.

Factual Context

Bobby Washington and Everlene Ross Washington were married in Arkansas, residence of the bride, in 1974. Mrs. Washington had two children by another man. No children were born of this marriage. Washington, a domiciliary of Richland Parish and a non-commissioned officer in the Air Force, was later stationed in Germany, where he was joined by his wife. Because of marital discord, they discontinued living together in July 1982 and in August 1982, while still in Germany, executed a written contract for the avowed purpose of settling “their respective property rights and to agree on support provisions for the Wife and Children.” Included in the contract were the following pertinent provisions:
SUPPORT FOR CHILDREN: Husband will pay to wife as support for Children the amount of $325.00, three hundred and twenty-five dollars per month, commencing on 2 October 1982. Husband’s obligation for child support shall be diminished in a pro rata amount upon the sooner of each child’s marriage, death, emancipation or obtaining the age of majority, according to the law of the wife’s residence. ⅜ sfc * * * ⅜
SUBSEQUENT DIVORCE: This Agreement is not an Agreement for divorce or dissolution of marriage. However, nothing contained in this Agreement shall be construed to prevent either party from instituting an action for dissolution of marriage or divorce on any competent jurisdiction. This Agreement may be offered in evidence by either party in any divorce or dissolution of marriage action and, if acceptable to the Court, shall be incorporated by reference in any judgment that may be rendered.

Choice of Law Governing Marital Contract

The first question to be resolved is: what law governs our consideration of the marital contract executed in Germany? We note that neither party pleaded the applicability of foreign law nor sought to establish that any law other than Louisiana law should govern. Although La. Code of Civil Procedure Article 1391 provides that a Louisiana court shall take judicial notice of the law of other states, in the absence of a showing of the content of that law by the party urging its applicability our court is not required to take notice of it even when applicable. Johnson v. Nationwide Life Ins. Co., 388 So.2d 464 (La.App.2d Cir. 1980).
La. Civil Code Article 10 provides that “the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.” While executed in Germany, the contract in question was intended to have effect in the United States — either Louisiana or Arkansas; absent a showing of Arkansas’s law on the subject, it is presumed to be the same as that of Louisiana. Johnson, supra. Be that as it may, since Washington is domiciled in Richland Parish, this state has an interest in the application of its law relative to marital agreements. Consequently, our contacts are such that we would not be denying full faith and credit to the law of another state by applying Louisiana law.
In conclusion, we have determined that our consideration of the matrimonial contract in this case shall be governed by Louisiana law.

Applicable Law

La.C.C. Article 2328 defines a matrimonial agreement as “a contract establishing a regime of separation of property or modifying or terminating the legal regime.”
La.C.C. Article 2329 provides in part:
Spouses may enter into a matrimonial agreement before or during marriage as to all matters that are not prohibited by public policy.
Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by *927 the court that this serves their best interests and that they understand the governing principles and rules....
As to form, La.C.C. Article 2331 stipulates:
A matrimonial agreement may be executed by the spouses before or during marriage. It shall be made by authentic act or by an act under private signature duly acknowledged by the spouses.
The contract in question was neither by authentic act nor was it an act under private signature duly acknowledged by the parties. Therefore, pretermitting the question of validity of the husband’s agreement to support children of whom he is not the legal or natural father, we find the marital contract void for failure of the parties to comply with the form requirements of Article 2331. Therefore, the trial court correctly rejected the wife’s reconventional demands.

Conclusion

For the reasons stated, the judgment of the district court is affirmed, at appellant’s cost.